UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDGAR ANTONIO TOVAR (A-Number: 073-965-673),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No.  1:26-cv-1626-DC-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Edgar Antonio Tovar entered the United States without inspection and after serving a prison sentence for possessing a controlled substance while carrying a loaded firearm, he was arrested and detained by ICE in December 2024.  Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his detention, without a bond hearing, violates the Fifth Amendment.  For the reasons outlined below, I recommend that the petition for writ of habeas corpus be granted.

**Background**

Petitioner, a citizen of El Salvador, entered the United States on an unknown date without being inspected, admitted, or paroled by an immigration officer.[1]  ECF No. 9-1 at 203.  On March

_____

[1] Petitioner states that he has resided in the United States since 1991.  ECF No. 1 at 6.

1

7, 2022, U.S. Citizenship and Immigration Services approved petitioner's application for permanent resident status. *Id.* at 2. However, petitioner was convicted June 12, 2024, of California Health and Safety Code section 11370.1(a) (possession of a controlled substance with a firearm).[2] ECF No. 9-2 at 3. In light of that conviction, and upon petitioner's release from state custody, petitioner was detained by ICE on December 16, 2024. ECF No. 9-1 at 2. An Immigration Judge ordered petitioner's removal on June 13, 2025.[3] ECF No. 9-3 at 7. Petitioner appealed that order on September 12, 2025, and the appeal remains pending. *Id.* at 11.

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## Analysis

Petitioner claims that his detention absent a bond hearing violates his Fifth Amendment Due Process rights. ECF No. 1 at 17. Respondent counters that the petition should be dismissed because petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c), which allows the

---

[2] Petitioner also suffered the following convictions: June 2, 1999, convicted of reckless driving in violation of California Vehicle Code section 23103; February 29, 2000, convicted of driving under the influence in violation of California Vehicle Code section 23152(B); February 8, 2005, convicted of carrying a loaded firearm in violation of California Vehicle Code section 12031(B); and September 8, 2023, convicted of driving under the influence in violation of California Vehicle Code section 23152(A).

[3] In the order, the Immigration Judge noted that petitioner's asylum application, withholding of removal under INA § 241(b)(3), and deferral of removal under the convention against torture were all denied. ECF No. 9-3 at 7.

Attorney General to detain and then remove any noncitizen who has committed certain qualifying crimes. ECF No. 9 at 1.

Under section 1226(c)(1)(B), the attorney general "shall take into custody" any noncitizen who "has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana."[4] 8 U.S.C. § 1227(A)(2)(B)(i). As noted, petitioner was convicted of possession of a controlled substance with a firearm. *See* ECF No. 9-2 at 3; Cal. Health & Safety Code § 11370.1(a). Consequently, petitioner is subject to mandatory detention under section 1226(c)(1)(B).

However, while petitioner's detention is mandated by statute, that does not resolve his claim that his detention violates the Fifth Amendment.[5] *See* ECF No. 1 at 17. Respondent does not address petitioner's due process claim. *See* ECF No. 13. At present, there is no binding authority that squarely resolves this claim. In *Zadvydas*, the Supreme Court addressed a challenge to prolonged detention in a different context—under 8 U.S.C. § 1231(a)(6)—and held:

> We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months. Consequently, for the sake of uniform administration in the federal courts, we recognize that period. After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.

533 U.S. at 701 (internal quotation marks and citation omitted).

However, in *Demore v. Kim*, the Supreme Court rejected a due process challenge to

---

[4] This statutory provision also requires that the noncitizen be "inadmissible" under 8 U.S.C. §§ 1182(a)(6)(A), (6)(C), or (7). 8 U.S.C. § 1226(c)(1)(E)(i). Because petitioner is "present in the United States without being admitted or paroled," he is "inadmissible" under § 1182(a)(6)(A). *See* 8 U.S.C. § 1182(a)(6)(A)(i).

[5] Respondent does not contest that petitioner has a protected liberty interest under the Due Process Clause. In light of this apparent concession and the fact that many courts in this Circuit have found that noncitizens acquire a liberty interest in their continued release, I find it unnecessary to address this issue. *See, e.g.*, *Labrador-Prato v. Noem*, 1:25-cv-1598-DC-SCR, 2025 WL 3458802, at *4 (E.D. Cal. Dec. 2, 2025).

3

section 1226(c) and distinguished *Zadvydas* because, unlike indefinite detention pending removal under section 1231(a)(6), mandatory detention under section 1226(c) has a "definite termination point," i.e., the conclusion of removal proceedings.  538 U.S. 510, 529 (2003).  The Court held that "[d]etention during removal proceedings is a constitutionally permissible part of that process."  *Id*. at 531.

After *Demore*, the Court of Appeals held that mandatory detention under section 1226(c) has an implicit six-month limit, at which time the government must justify continued detention by clear and convincing evidence at a bond hearing.  *Rodriguez v. Robbins*, 804 F.3d 1060, 1078-81 (9th Cir. 2015).  But the Supreme Court reversed, finding that this statutory provision cannot reasonably be read to limit detention to six months.  *Jennings v. Rodriguez*, 583 U.S. 281, 303-306 (2018).  As the Court of Appeals noted on remand, however, the Supreme Court "declined to reach the constitutional question" and "instead chose to answer only the question whether the statutory text itself included a limit on prolonged detention or a requirement of individual bond hearings."  *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018).  "Since the *Rodriguez* remand, there has been a dearth of guidance regarding the point at which an individual's continued mandatory detention under Section 1226(c) becomes unconstitutional."  *Lopez v. Garland*, 631 F. Supp. 3d 870, 876 (E.D. Cal. 2022) (internal quotation marks and citation omitted).

Because neither the Court of Appeals nor the Supreme Court have provided guidance explaining when a noncitizen's mandatory detention under section 1226(c) becomes unconstitutional, courts in this Circuit have used varied tests to determine whether due process requires a bond hearing.  The three main tests are: (1) the general due process assessment under *Mathews v. Eldridge*, 424 U.S. 319 (1976); (2) the test announced in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019); and (3) the test announced in *Lopez*, 631 F. Supp. 3d at 879, where the court determined whether prolonged mandatory detention under section 1226(c) violates the Due Process Clause by considering three factors: "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by

the petitioner and the government."[6]

Petitioner does not address the various tests and instead defaults to an assessment under *Mathews*.  *See* ECF No. 1 at 11-12.  In the absence of binding authority instructing the court which test to employ, I analyze petitioner's claim under the *Lopez* test because that case dealt with the same statutory authority under which petitioner is detained.[7]  Moreover, "[w]hile the *Mathews* factors may be well-suited to determining whether due process requires a second bond hearing, they are not particularly probative of whether prolonged mandatory detention has become unreasonable in a particular case." *Banda*, 385 F. Supp. 3d at 1118.  Similarly, the two factors employed in *Banda* but not *Lopez*—the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal—"are not particularly suited to assisting the Court in determining whether detention has become unreasonable and due process requires a bond hearing." *Lopez*, 631 F. Supp. 3d at 879.  Accordingly, petitioner's claim is analyzed under the three factors articulated in *Lopez*: (1) the total length of detention to date; (2) the likely duration of future detention; and (3) the delays in proceedings caused by petitioner and the government.  I consider each factor in turn.

**I.      Total Length of Detention**

Courts have found that this factor weighs in the petitioner's favor where detention has lasted at least one year.  *See, e.g.*, *Baishymyrov v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-1658-DMC, 2026 WL 145644, at *7 (E.D. Cal. Jan. 20, 2026).  "In general, as detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing." *Gonzalez v. Bonnar*, No. 18-cv-5321-JSC, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019) (collecting cases) (cleaned up).

---

[6] The *Lopez* test utilizes three factors from the *Banda* test.  *Lopez*, 631 F. Supp. 3d at 877-79.  In *Banda*, to determine whether prolonged mandatory detention under section 1225(b) violates the Due Process Clause, the court also considered "the conditions of detention" and "the likelihood that the removal proceedings will result in a final order of removal."  *Banda*, 385 F. Supp. 3d at 1118 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858-59 (D. Minn. 2019)).

[7] If I analyzed petitioner's claim under *Mathews*, I still would conclude that petitioner is entitled to a bond hearing because: (1) he has a significant private interest that is affected by detention; (2) the risk of an erroneous deprivation is high without a bond hearing; and (3) the government's interest in withholding a bond hearing is relatively low.  *See* 424 U.S. at 335.

Here, petitioner has been detained for fifteen months.  Accordingly, because petitioner has been detained for more than one year, this factor weighs squarely in petitioner's favor.

## II.      Likely Duration of Future Detention

The court must next determine "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings— including administrative and judicial appeals." *Banda*, 385 F. Supp. 3d at 1119 (cleaned up). Though petitioner does not raise the issue, some courts have found that the possibility of an appeal warrants weighing this factor in the petitioner's favor.  *See Arido-Sorro v. Garland*, No. 23-cv-0842-PHX-JAT, 2024 WL 4393264, at *4 (D. Ariz. Sept. 5, 2024), *report and recommendation adopted*, 2024 WL 4834413 ("Courts have recognized that the possibility of prolonged appeals weighs in favor of finding that continued detention without a bond hearing violates due process."); *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, No. 1:25-cv-00611-JLT-SAB, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"); *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (finding this factor weighed in favor of the petitioner who had appealed the Immigration Judge's decision to the BIA).

While there is no evidence in the record to determine how long such process would take, petitioner is entitled to some deference based on the prospect of an appeal increasing the length of the removal proceedings.  Accordingly, I find that the second factor weighs in favor of petitioner, although only slightly given the lack of argument presented by petitioner.

## III.     Delays in Proceedings Caused by Petitioner and the Government

Lastly, the court must consider the nature and extent of delays caused by petitioner and the government.  Because there is no information in the record regarding any delays in

6

petitioner's proceedings, this factor is neutral.

Overall, while the third factor is neutral, the total length of detention, "which is the most important factor," *Banda*, 385 F. Supp. 3d at 1118, and the likely duration of future detention weigh strongly in petitioner's favor. Accordingly, a weighing of the *Lopez* factors supports a finding that petitioner's detention, absent a bond hearing, violates his Fifth Amendment Due Process rights. Given this finding, I must determine the appropriate relief.

Petitioner requests a bond hearing, and respondent argues that "the only proper relief is a bond hearing." *See* ECF No. 1 at 18; ECF No. 9 at 6. I agree with other courts to have addressed this issue that, where mandatory detention has become prolonged, "the appropriate remedy is a bond hearing before an immigration judge rather than immediate release." *See Lopez*, 631 F. Supp. 3d at 882.

Respondent argues that, at petitioner's bond hearing, "the Constitution does not require the government to bear the burden of proving that the noncitizen will be a flight risk or danger— much less that the government be subject to a clear-and-convincing-evidence standard—to justify temporary detention pending removal proceedings." ECF No. 9 at 6. I disagree. In *Martinez v. Clark*, the petitioner was subject to mandatory detention under section 1226(c) and, after he filed a habeas petition, the district court ordered that petitioner receive a bond hearing where the government must "show by clear and convincing evidence that [he] presents a flight risk or a danger to the community." 124 F.4th 775, 780 (9th Cir. 2024). On appeal, the petitioner claimed that the Board of Immigration Appeals ("BIA") had applied the wrong burden of proof. *Id*. at 785. The Court of Appeals, however, held that "the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [petitioner] is a danger to the community." *Id*. In the wake of *Martinez*, district courts in this Circuit have held that "the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." *See Lopez*, 631 F. Supp. at 882 n.9 (collecting cases). Accordingly, the government shall bear the burden of proof at petitioner's bond hearing.

**Conclusion**

Based on the foregoing, I recommend that petitioner's writ of habeas corpus be granted.

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2.  Petitioner (A-Number: 073-965-673) be provided a bond hearing within five days of the date of the court's order.  At this hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have counsel present.

3.  Respondent be ordered to file a status report, within five days of the bond hearing, confirming that the hearing occurred.

4.  The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 10, 2026                          _____
                                                  JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE

8